Chen v. Holder

BIA
Page, IJ
A078 410 566

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of May, two thousand thirteen.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges.*

_____

SHAO QIONG CHEN,
> *Petitioner,*

> v.                                          10-1481
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Richard M. Evans, Assistant
                       Director; Andrew Oliveira, Trial
                       Attorney, Office of Immigration
                       Litigation, Civil Division, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Shao Qiong Chen, a native and citizen of the People's Republic of China, seeks review of a March 31, 2010, order of the BIA, affirming the June 18, 2008, decision of Immigration Judge ("IJ") Alan Page, pretermitting her asylum application and denying her application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Shao Qiong Chen*, No. A078 410 566 (B.I.A. Mar. 31, 2010), *aff'g* No. A078 410 566 (Immig. Ct. N.Y. City June 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I.  Asylum

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding that neither changed nor extraordinary circumstances excused the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, we retain jurisdiction to review constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D). Chen argues that the IJ erred in finding that the birth of her children did not establish extraordinary circumstances excusing the untimely filing of her asylum application. Because that argument raises neither a constitutional claim nor a question of law, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006), we lack jurisdiction to review the agency's pretermission of Chen's asylum application, *see* 8 U.S.C. § 1252(a)(2)(D), and dismiss the petition for review with respect to Chen's challenges to the denial of asylum.

2

## II. Withholding of Removal and CAT Relief

### A. Adverse Credibility Determination

As an initial matter, contrary to Chen's assertion, it is clear that the IJ applied the correct standard of review because he specifically stated that he was not applying the law as amended by the REAL ID Act and referred to appropriate case law. Furthermore, even in pre-REAL ID Act cases, such as this one, the IJ is permitted to consider whether the testimony is "generally consistent." *Diallo v. INS,* 232 F.3d 279, 288 (2d Cir. 2000)

Substantial evidence supports the IJ's adverse credibility determination. As the IJ found: (1) although Chen testified that, in 2000, Chinese authorities searched for her at her parents home and threatened her parents, these details were omitted from her asylum application and her mother's letter; (2) although Chen testified that she stopped working in January 2000 and went into hiding in October 2000, she stated in her asylum application that she lived at home and continued to work until November 2000; (3) although Chen initially testified that the cousin who warned her about her pending arrest was a telephone operator for the village committee, she later testified that he was a messenger for the village committee, but upon further questioning, she again described him as a telephone operator; and (4) although Chen initially testified that she learned about Falun Gong exercises from books she purchased in the United States, she then testified that she purchased the books in China, but upon further questioning, she again testified that she purchased the books in the United States. Although minor and isolated discrepancies may be insufficient to support an adverse credibility finding, *see Diallo,* 232 F.3d at 288, the discrepancies here relate to events at the heart of Chen's claim—whether Chinese authorities were looking for her, how she knew to go into hiding, and how she learned about Falun Gong. Moreover, the IJ reasonably relied on the cumulative effect of these inconsistencies as the basis for questioning her credibility. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (emphasizing that "even where an IJ relies on

3

discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, . . . the cumulative effect may nevertheless be deemed consequential by the fact-finder")(internal quotation marks and citation omitted); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 n.3 (2d Cir. 2008) (noting that inconsistencies and omissions are "functionally equivalent").

Furthermore, as the record supports the IJ's findings that Chen provided conflicting testimony, the IJ was not required to credit Chen's explanations that: (1) her affidavit and her mother's letter did not mention the threats by government officials because she forgot; (2) the inconsistency regarding when she stopped working and went into hiding was the result of a mistake; (3) the inconsistency regarding whether her cousin was a telephone operator or a messenger was only a matter of semantics; and (4) the inconsistency regarding whether her Falun Gong books were purchased in China or the United States was the result of a mistake. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that "an IJ may rely on an inconsistency in an asylum applicant's account to find that applicant not credible - provided the inconsistency affords 'substantial evidence' in support of the adverse credibility finding - without soliciting from the applicant an explanation for the inconsistency.").

Chen also challenges the IJ's reliance on her alternating use of the terms "labor camp" and "jail," inconsistent statements as to how she responded to official questioning regarding her Falun Gong practice, lack of knowledge as to how officials discovered that she wrote a letter protesting the treatment of Falun Gong practitioners, and ability to leave China using her own passport. Even assuming that these findings were erroneous, remand would be futile in this case because the IJ did not rely disproportionately on these findings to find Chen not credible, and the IJ's broader credibility determination is amply supported by the record. *See Xiao Ji Chen*, 471 F.3d at 335. Because the IJ's adverse credibility determination was based on the cumulative effect of multiple inconsistencies, it can be confidently predicted based on the IJ's non-erroneous findings that the agency would reach the same credibility determination absent any errors. See

4

*Xiu Xia Lin*, 534 F.3d at 165-66.  Because substantial evidence supports the agency's adverse credibility determination, *see Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 73 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007), the agency's denial of Chen's withholding of removal and CAT claims were proper to the extent they were both based on her practice of Falun Gong.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

### B.   Family Planning Claim

Substantial evidence also supports the agency's determination that Chen failed to establish a well-founded fear of persecution on account of the birth of her second child in the United States.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 163 (2d Cir. 2008) (finding that substantial evidence supported the BIA's determination that petitioner failed to demonstrate a reasonable possibility that he would face forced sterilization in China based on fathering two children).  As the BIA found, the State Department's 2007 Profile of Asylum Claims indicated that there have not been any known cases in which individuals were forced to have an abortion or be forcibly sterilized upon their return from the United States.  Because the agency pointed to evidence indicating that Chen's fear of forced sterilization was not objectively reasonable and because Chen has not identified any evidence in support her position, the agency reasonably denied her application for withholding of removal based on her claimed fear of forced sterilization for having two children.  *See id.* at 169-72.  Because Chen was unable to show the objective likelihood of persecution needed to make out a withholding of removal claim, the BIA also reasonably denied CAT relief, as both claims rested on the same factual predicate.  *See Paul*, 444 F.3d at 156.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

5

Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk